IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CR-212-M(03) |
| ROSA MARIA ROMERO | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Rosa Maria Romero, by and through her counsel of record, has filed a motion for a detention hearing. For the reasons stated herein, the motion is denied.

I.

Defendant is charged by indictment with conspiracy to transfer unlawfully issued identification documents and related offenses in violation of 18 U.S.C. §§ 1028(a)(2) & (f). At her initial appearance on September 9, 2005, the government filed a motion to detain the defendant based, in part, on her immigration status.[1] Defendant, who was represented by counsel at the initial appearance, waived her right to a detention hearing and agreed to remain in federal custody pending the disposition of the charges against her. A written waiver was signed by defendant and filed among the papers in this case. This document provides:

> When I first appeared before the United States Magistrate Judge, he explained to me that I have the right to a detention hearing. He informed me that a detention hearing is a hearing before the Magistrate Judge at which the United States Attorney must produce evidence to satisfy the Magistrate Judge that there is no reason to believe that I will not appear or that I am a danger to the community or a flight risk.

---

[1] Pretrial Services advises that defendant is citizen of Peru with no legal status in this country.

> At that first appearance, he set a detention hearing for a later date. He told me that I could, after talking to my attorney, waive the detention hearing. He explained that "waive" means to voluntarily and knowingly give up my right to have that detention hearing.
>
> I have talked with my attorney, who has discussed my case with me and my right to this detention hearing. After talking with my attorney, I ask the Court to enter my waiver of the detention hearing.

Before accepting this waiver, the magistrate judge informed defendant on the record that she could not change her mind and request a detention hearing at a later date. Defendant acknowledged her right to a detention hearing and said she understood the effect of her waiver. Based on those representations, the court found that the waiver was knowingly, voluntarily, and intelligently made and ordered that defendant be detained pending the disposition of the charges against her. *See* Det. Order, 9/9/05.

On October 6, 2005, defendant filed the instant motion seeking a detention hearing. As grounds for her motion, defendant alleges that she recently learned that "at least one of her co-defendants had been released from federal custody notwithstanding the existence of an identical immigration detainer." (Def. Mot. at 1, ¶ 4). Defendant maintains that her waiver was not knowing and intelligent because she "could not foresee, at the time of executing her waiver, any legal possibility of her securing release from federal detention. It now appears, however, that such a possibility did and still does exist." (*Id.* at 1-2, ¶ 5). The government opposes the motion.

II.

The procedures governing detention hearings are set forth in the Bail Reform Act, 18 U.S.C. § 3142, *et seq.* Upon motion by the government in a case where a defendant is eligible for detention,[2] the court must hold a detention hearing to determine whether any condition or

---

[2] Defendant is eligible for detention as a potential flight risk. *See* 18 U.S.C. § 3142(f)(2)(A).

combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f). This hearing must be held at the initial appearance, unless the government or the defendant requests a continuance. *Id.* If, at the conclusion of this hearing, the court determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the defendant must be detained pending trial. *Id.* § 3142(e) & (f). Once the court enters a detention order, the hearing may be reopened only "if the judicial officer finds that *information exists that was not known to the movant at the time of the hearing* and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* § 3142(f) (emphasis added).

     Like most rights guaranteed by federal law, the right to a detention hearing may be waived by a defendant. Such is the case here. The only justification offered by defendant for withdrawing her waiver is that a co-defendant recently was released from federal custody notwithstanding the existence of an identical immigration detainer. While that fact was not known to defendant or her attorney at the time of the initial appearance, it does not effect the validity of her waiver. Defendant could have insisted on a detention hearing despite her immigration status. Indeed, the court is not required to detain a defendant merely because she is in the country illegally. *See United States v. Adomako*, 150 F.Supp.2d 1302, 1304 (M.D. Fla. 2001). That is but one factor to consider in determining whether there are conditions of release that would reasonably assure the appearance of the defendant as required and the safety of the community. *See id.* § 3142(g)(3) (court may consider history and characteristics of defendant).[3]

---

[3] The Bail Reform Act allows for the temporary detention of illegal aliens who may be a flight risk or a danger to the community. However, if immigration authorities fail to take the alien into custody during the statutory period, "such

In this case, defendant elected to waive her right to a detention hearing rather than have immigration authorities take her into custody. Although she now has changed her mind, defendant fails to allege, much less prove, that her waiver was not knowing and voluntary at the time it was made. Accordingly, her motion for a detention hearing is denied.

SO ORDERED.

DATED: October 7, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

person shall be treated in accordance with the other provisions of this section, *notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings*." 18 U.S.C. § 3142(d) (emphasis added). *See also Adomako*, 150 F.Supp.2d at 1304.